UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

VEATTA O. CARTER,

        Plaintiff,

-vs-                                            Case No. 5:16-cv-501-Oc-10PRL

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## O R D E R

On May 11, 2017, the United States Magistrate Judge issued a Report (Doc. 20) recommending that the Commissioner's Decision denying the Plaintiff's claims for Disability Insurance Benefits and Supplemental Security Income Benefits be affirmed. The Plaintiff has filed Objections (Doc. 21) to the Report and Recommendation. The Court will therefore conduct a *de novo* review of the case. See 28 U.S.C. § 636, M.D. Fla. Local Rule 6.02.

The Plaintiff raised three arguments in her appeal, both of which are reasserted in her Objections: (1) Administrative Law Judge's ("ALJ") determination of her residual functional capacity ("RFC") was not supported by substantial evidence; (2) the ALJ improperly considered the medical evidence; and, (3) the ALJ erroneously relied on the Vocational Expert's testimony. The Court has reviewed the record in this case and finds that the Plaintiff's arguments are unpersuasive, and that substantial evidence exists to support the ALJ's findings.

Plaintiff's first argument is that the RFC fails to include the full extent of her limitations on standing and walking, and her need to elevate her legs while sitting. The Court agrees with the Magistrate Judge that the ALJ's RFC determination of a reduced range of sedentary work, with no limitations for foot elevation, is supported by substantial evidence. The ALJ properly considered Plaintiff's obesity and varicosities, in light of his assessment of her credibility, as well as the medical and opinion evidence.

Next, Plaintiff argues that the ALJ erred by assigning little weight to the opinion of Plaintiff's treating cardiologist, Dr. Reddy, that Plaintiff is unable to work. (Tr. 609-10, 613, 786.) Treating physician opinions are entitled to substantial or considerable weight unless good cause is shown to the contrary. Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004). The ALJ accorded little weight to Dr. Reddy's opinion because it was inconsistent with his own treatment notes and the record as a whole. His opinion was "conclusory and do[es] not indicate why the claimant is deemed unable to work at all" and is "comprised mainly of unexplained checkmarks and the [ALJ] is unable to ascribe much weight to mere checkmarks." (Tr. 26.) The Court agrees with the Magistrate Judge that the ALJ had good cause to discount the opinion of Dr. Reddy. See Phillips, 357 F.3d at 1240-41; Good v. Astrue, 240 Fed. Appx. 399, 403 (11th Cir. 2007); Burgin v. Comm'r of Soc. Sec., 420 Fed. Appx. 901, 903 (11th Cir. 2011) (finding that an ALJ can discredit conclusory assertions consisting merely of checked boxes). To the extent Plaintiff argues that the ALJ failed to comply with the Appeals Council's Order by not obtaining additional evidence from Dr.

Reddy, the Court agrees that the Order did not require this unless deemed appropriate. (Tr. 163-65.)

Finally, Plaintiff raises several arguments related to the testimony of the Vocational Expert ("VE"). Plaintiff asserts that the hypothetical question posed to the VE was incomplete and that the VE's testimony should not have been relied upon to conclude that Plaintiff could perform a significant number of jobs in the national economy because it conflicted with information in the Dictionary of Occupational Titles. Plaintiff also asserts that she is "functionally illiterate" and this also conflicts with the VE's testimony.

The Court agrees with the Magistrate Judge in rejecting these arguments. The hypothetical contained the limitations included in the RFC and sufficiently accounted for Plaintiff's moderate limitations in concentration, persistence, and pace. See Markuske v. Comm'r of Soc. Sec., 572 Fed. Appx. 762, 767 (11th Cir. 2014). The Court also agrees with the Magistrate Judge that the VE's testimony did not conflict with the DOT. See Chambers v. Comm'r of Soc. Sec., 662 Fed. Appx. 869, 873 (11th Cir. 2016) ("[E]ven if there was a conflict between the DOT and the jobs identified by the vocational expert in response to the hypothetical question, the testimony of the vocational expert outweighs the DOT because the DOT is not the sole source of admissible information concerning jobs.")

Finally, the Court agrees with the Magistrate Judge that Plaintiff's claims that she is "functionally illiterate" and therefore there is another conflict between the DOT and the VE's testimony are due to be rejected. The record shows that Plaintiff completed the twelfth grade with a special diploma; she spends her free time "trying to read" and she enjoys

reading the Bible; and she reported that she can read and understand the English language in her Disability Report form. (Tr. 50, 66, 346, 348.) Substantial evidence supports the ALJ's implicit finding that Plaintiff is illiterate.

Accordingly, upon due consideration, and a *de novo* review of the case, it is hereby ORDERED as follows:

(1) The Magistrate Judge's Report and Recommendation (Doc. 20) is ADOPTED, CONFIRMED, AND MADE A PART HEREOF;

(2) The Plaintiff's Objections (Doc. 21) are OVERRULED;

(3) Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's Decision denying the Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income Benefits is AFFIRMED; and

(4) The Clerk is directed to enter judgment accordingly, terminate all other pending motions and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 5th day of July, 2017.

_____
UNITED STATES DISTRICT JUDGE

Copies to:  Counsel of Record
            Hon. Philip R. Lammens
            Mari Jo Taylor